Roger Siegel, on behalf of the appellant, may it please the Court. Morning, judges. Madam Clerk, co-counsel, counsel for the United States, this, the case, I think, takes on a lot more recency with the issuance of the de compte decision. And I submitted a letter brief to the Court. I don't know if the Court got that. But I asked the Court to be aware of what de compte ruled, and the issue under de compte, as I see it, and as you ruled. Before we get to the issue under de compte, do you wish to address whether you've waived a right of appeal? Certainly. The structure of the plea agreement is one, is a forum plea agreement that's used by the District of Arizona to cover all defendants. It's one that is used so you don't have to come up with a different plea agreement. It's got level 24. It's all got the different enhancements, level 24, 20, 16. In I'd say 95 percent of the cases, counsel on both sides have a very good idea of what  The waiver of a right of appeal. But let's get to the waiver provision. The waiver clause provides that the defendant is waiving a – waiving his claims which are inconsistent with the terms of the plea agreement. And I see you shaking your head. He's waiving any appeal. The sentence before that. That is as to motions in the trial court. Not just motions to the trial court, imposition and imposition of sentence. Let me see what you're dealing with. The plea agreement. Can you give me the page and site number? The plea agreement is contained in the appellate's excerpts of record and – I'm sorry, the government's excerpts of record. And it's also contained in the appellate's brief. So you're looking at pages 5 and 6, basically. And on page – yeah, go ahead. On page 5, it says defendant waives any objections which the defendant could assert. Give me the line, please. I'm on page 5, actually, of appellant's – of appellate's – I understand that. What line, please? There's a paragraph that's waived. What line of the page 5? We have numbered lines on our page 5. You don't have numbered lines? No. Oh. It's the second – the applicable line is the second line of the waiver of defenses and appeal rights. Okay, that's on page 6. Appellant's brief. Oh, I see. You're in the brief. We're in the actual excerpts. I can just refer to the plea Mr. Castle handed up to me. It says in line 2, defendant waives any and all motions, defenses, probable cause determinations and objections which the defendant could assert to the information indictment or to the Petitioner of Vogue or to the court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with his agreement. Yeah, and that's fair. The next – then it goes on to say he waives all appellate rights, correct? Correct. So the question – the question in a nutshell is whether or not he just preserved his ability to object before the trial judge to a sentence inconsistent with the agreement, but not his ability to object in front of us. I think that that's ambiguous under that clause. The clause talks about an objection to the imposition of sentence, providing the sentence is consistent with the agreement. Right. It doesn't talk about objections to the appellate court or appeals to the appellate court. I think at the very least it presents some ambiguity, which – and I would note    has a waiver agreement. And as you mentioned a moment ago, this is a form-type of agreement. Correct. It's used by the U.S. Attorney in Arizona all of the time, all the time, right? Although they're moving, again, away from it precisely because of this problem. Now, let me ask you this. Have there been any cases that have interpreted this waiver agreement as applying only to the district court or to the district court and to the court of appeal? The only case that I'm aware of is Aguilar-Balboina, which was unpublished in 2012, which specifically took the position that I'm taking. It noted that the operable language was the inconsistent with language that the district court had. Did you cite that in your brief? Extensively, yes. That was a memorandum of disposition. Excuse me? That was a memorandum of disposition. That was an unpublished opinion? Yes. Okay. And my understanding, but I'm not sure it comes from the briefs, is that after that came down, the U.S. attorney in Arizona tweaked the standard agreement. Is that right? It has tweaked or is tweaking it, yes, correct. So as to eliminate that problem. Exactly. Okay. Exactly. They recognized that there were too many appeals being raised specifically on this issue and that it was a gray area and for that reason decided to go with a general appellate waiver, which didn't say inconsistent. So, you know, I think that the case law is asks what was the defendant's reasonable understanding of the plea agreement and if there's ambiguities in the waiver, then it's got to be resolved in favor of the – against the government instruction. In California, when we have a question as to the interpretation of a document, a contract or a statute, we have certain rules that we go to, the first one being plain meaning and then after that with a reasonable interpretation of the promisee if there is indeed an ambiguity. When you cite what you have cited now as the law, are you using some statute, some canons of statutory interpretation or are you just saying that that's your assertion? No. The case law that I cite, which includes Charles and a number of cases, with respect to – is based on contract law, and that is that the contract is to be – is to be interpreted against the drafter where there's ambiguity. And the ambiguity stems from the fact principally here in this case that the plea  And this is a case where the plaintiff says any – any – he's waiving objections or, in my interpretation, an objection to this Court to – to claims, to a sentence that's inconsistent with the terms of the plea agreement. But counsel, immediately following that, providing the sentence is inconsistent with this agreement, is the phrase, the defendant further waives, right? So he's – and there's an additional waiver. Do you think that that waiver, which is any right to appeal the Court's entry of judgment against defendant, is – is ambiguous? Therein lies the inconsistency. The inconsistency between the two statutes, as I said, on the out – I would like which is, to me, more concerning than the one that you've been discussing with my colleagues. And that sentence appears at S.E.R. 6, or – I'm not sure if it's E.R. or S.E.R., but it's page 6 of the agreement, lines 11 through 13, where it specifically says, quote, Doesn't that just squarely have the defendant agreeing that there will be no appeal, period? I think that if the language – if the language in there was not about consistent with this agreement, then I would agree with you. The plea agreement could have easily said, the defendant waives all appeals without anything with respect to the sentence being consistent with this agreement. But the part about appeal does, if you start at line 6, the defendant further waives any right to appeal, and then leaving out some words, and then there's that I understand that the Court shall dismiss any appeal for my sentence. The – the – as I was saying, one of the fundamental rules of waiver that this district has held is what's the defendant's reasonable interpretation when you – and it's to be construed against the drafter. I think that can be used and should be used when interpreting these specific sentences. When – and the – as the government has argued and as courts – courts typically in the District of Arizona will say, do you understand that you're giving up your right to appeal – to appeal sentences that are inconsistent with this plea agreement? What is – what is said in this case? The transcript doesn't reflect that, does it? No. But what the judge says is that he's waiving some, if not all, or most, if not all. Of his appeal. Yeah. So that's basically – it's not giving the defendant any – any – Well, it's certainly alerting the defendant that it's – it's not limiting it to those things that are inconsistent. It certainly gives the defendant notice that this is going to be a problem. Well, the major problem – if – the major problem I think is really well addressed in that Aguilar-Valbuena decision. I know it's unpublished, but it contains a very, very thorough analysis of the – of the problems. And the problem is that when the – that because it was the defendant's sentence was the – in this particular case, the only – there was one reference in the plea agreement, and that was that the defendant was not convicted of a crime of violence and therefore shouldn't have gotten the sentence that he got. The only question I think we're struggling with here is whether or not this is a legal   And one way to read this plea agreement is to say he way – he didn't waive any objections that he might make to the trial judge, but for better or worse, however the trial judge ruled, as long as he was – however the trial judge ruled, he was stuck on appeal. Why shouldn't we read it that way? Because – And that's a long question, but try to give me a short answer. Because waivers – because appellate waivers need to be where the government has written the plea agreement. It has to be construed against the government. And it has to be – it has to go according to the defendant's reasonable understanding of that. A reasonable understanding of those provisions is, as explained by most district courts in the District of Arizona, that it has to be inconsistent. And that's certainly the way – the way I advise my clients. Now, the only – the only term in the plea agreement with respect to the offense-level enhancement was that it was an aggravated felony. In other words – If all you're waiving is a sentence inconsistent with the law, you're not waiving anything. And that's the government's problem, because that's – the government was the drafter. And the question is, you know, is it right for the defendant to be held responsible for a plea which is inartfully crafted, which the district courts in Arizona have interpreted as requiring that the sentence be consistent with the plea. And when it's – when it's not, the district – most district courts in Arizona would say, then it's subject to appeal, when it hasn't been – that's typically part of the plea agreement, the plea colloquy. This judge was a visiting judge who wasn't familiar and talked about giving up your rights to most, if not all. But that advice, that colloquy was inconsistent with the terms of the plea. So it actually compounded the confusion. Roberts. Thank you, counsel. You've used your time. And we've used a lot of it with questions, so you may have a minute for rebuttal when the time comes. We'll – Good morning. May it please the Court, my name is Matthew Cassel, and I represent the United States in this appeal. One thing I did want to point out for the Court before I begin is a correction to page 13 of the brief, the first sentence. As the Court is uncertainly well aware, sometimes we use briefs that – for the past, just for terms of formatting, and I neglected to fix an incorrect statute. It references a California sexual offense. That was an oversight on my part, and I apologize to the Court for having that – it just slipped past me as I was editing it for review. Counsel, is it your position that if the agreement said the sentence, the parties to this agreement make the following calculation, and we agree that the sentence should be 72 months, and then the Court imposes 96 months, and there's an appeal, is it your position that where it's that clearly inconsistent with the agreement that the appeal is still waived? Well, Your Honor, I don't believe appeal would be waived in that situation. Why is that different than this situation where the argument, at least, without deciding whether it's correct or not, is that the agreement requires that there actually be one, and it – and the argument is that this wasn't. There's just – that it's legally wrong. So why isn't that just like my example? I didn't hear that last part. Why isn't that just like my hypothetical to you? Well, Your Honor, because the plea agreement provides for a range in the event the Court does find that. We don't – when we negotiate the plea – But it doesn't say in the event the Court finds that. That's actually part of your problem. It says if the defendant has a prior felony conviction for a crime of violence. It doesn't say if the district court finds that the defendant has a prior felony conviction for a crime of violence. So it really raises a legal question, doesn't it? If the – does the defendant have the requisite prior conviction for a crime of violence? Well, I think the – I would – I would say that the difference between a district court finding that a defendant has a crime of violence and making a finding that the applicable range or – I'm sorry – that the applicable total offense level of 21 in this case is a lot different than a stipulated sentence being negotiated in the district court coming over the top of it. I'm sorry. I'm sorry for interrupting you, but let's assume that you don't have a stipulated sentence, but you have a plea agreement like this one that says the range of sentences from 10 to 20 years, and the judge imposes a 40-year sentence. May the defendant appeal? In that situation – I mean, I think yes or no. May he appeal? Well, I would – I would say – I mean, I don't think it's that simple, but I would say that in every one of our plea agreements – and I think the short answer, sir, is yes. But I think there's a – Well, let's – I'm interested in the short answer, because if the answer is yes, then he hasn't waived all rights to appeal. So what rights to appeal has he waived, in your view? The argument that he makes, both at the district court level and in his – and almost all of his 60-plus page brief is a legal argument. And the – the plea agreement sets out very clearly that these – these types of legal arguments are waived. He can make them at the district court level, and he did. But I don't understand how that's different than the hypotheticals that Judge Hurwitz and I have asked you, because the way this is set up, the – we must be able to hold that the defendant – well, let me just start back one step. The – the argument that's being made, as I understand it, is that the defendant has preserved the right to appeal if, but only if, the sentence is inconsistent with the agreement. And you have said that if it's factually inconsistent in some way, that is, it says 20 to 40 and the judge says 60, then that's a permissible appeal, presumably because it's inconsistent with the agreement. But why wouldn't the same apply if it's legally inconsistent with the agreement? And the – the agreement requires that the defendant actually have a prior felony conviction for a crime of violence. Why would there be a different rule on waiver between a factual and a legal error? Well, the problem is with the nature of these 1320. I think the answer lies in the nature of these 1326 sentencing structures. When we enter into these plea agreements, we're not 100 percent sure. We think we know the totality of a defendant's criminal history. I know why you do it, and it makes good sense, but let's assume – let's just change the facts in this case a tiny bit. Yes, sir. Let's assume that when you get to the sentencing, the pre-sentence report says, I've been searching. I can't find any crimes of violence. The guy – the guy I originally thought who committed the crime that I put in the pre-sentence report was a different guy. This guy didn't commit a crime of violence. And the judge says, I'm imposing a sentence that I could only impose if he committed a crime of violence. Is that reviewable on appeal? Well, in that situation, I mean, under – I know you're offering up a hypothetical, but under this type of plea agreement, we do – we do oftentimes have lesser forms of offense level. Well, but that's precisely what this one has. He gets a higher sentence if he's committed a crime of violence and a lower sentence if he hasn't. Right. Because nobody's fighting about all the other determinations that are made. This case, the judge found that he had a crime of violence. He says, no, I didn't. And I think he's got a good argument that the crime he committed is not categorically a crime of violence. You're saying that's not reviewable. So my question is, what if the judge was just mistaken? What if there was no crime out there at all and he sentenced him to – to this level? Could he appeal that? I think that that is a – so you're suggesting that a judge makes a finding with basically no basis at all. No basis in fact. Because I'm trying to – I'm focusing on, just to be fair to you, the distinction you seem to be making between legal and factual errors by the judge. And I'm trying to figure out why one would be worthy of appeal but not the other. Well, and I think the answer to that question is that the plea agreement specifically states that these legal argument – that these legal appeals, these legal arguments are waived. What wording in the – in the plea agreement makes the distinction that you're trying to make? Well – So that somebody who gets, you know, 60 – more months than the agreement calls for is fine appealing, but somebody who has a legal error can't appeal. Where do you find that in the agreement? And I don't – and I'm not suggesting that our plea agreement says, well, you can appeal that. What I'm suggesting is that the plea agreement – I mean, this is a plea agreement that is tailored for – I'm sorry, this appellate waiver is for a 1326 plea agreement. It anticipates these kinds of objections. These are really the only – usually the only kind of appeals that even come out of 1326 cases. And if the defendant really wanted to proceed – I'm sorry, wanted to pursue an appeal like this, the proper way to do it would have been to reject the plea agreement, plead to the indictment, and then he would have had all of his appellate remedies available to him. Well, yeah, but the question is whether he has some of them still left, and regardless of what else he could have done. And I'm interested in a question that may not have legal consequence, and it's beyond the record, but is opposing counsel correct that the standard advice in Arizona would be that you can appeal if, but only if, the sentence is inconsistent with the plea agreement? Is that the standard advice that a district court gives? I wouldn't say that. I'd say that district – you know, really, it depends on the judge. I know that there are some – Do some of them say that? What they usually will say is, at the very end of sentencing, they – most of them will say, I have sentenced you within the ranges set out in your plea agreement, and then he'll go through the appellate waiver provision. Do you understand that you've waived your right to an appeal? The visiting judge in this case didn't do that. He more just kind of stated that he had – Well, I'm asking a more specific question, though. Opposing counsel suggested that many judges will specify that an appeal remains viable if the assertion is that the sentence is inconsistent with the plea agreement. Let me just give you a different example, because let's suppose we're looking at page 2, where we have the level 24 offenses, and let's say everybody agrees that the person has a crime of violence, but the judge puts the person in the wrong criminal history category, and therefore the range is way higher and the sentence is way higher. That would be inconsistent with the plea agreement. So – So you're suggesting that a plea agreement wouldn't have that criminal history in it? No. I guess I'm once again asking in what circumstances you think this waiver doesn't prevent an appeal. So let's assume – what Judge Graber is asking is let's assume that the judge – no judge makes mistakes, but this hypothetical judge makes a mistake, and he puts the defendant in the wrong criminal history category. You know it. The defendant knows it. You both say to the judge, Judge, you've got the wrong criminal history category. And the judge says, I'm having a bad day. I'm going to keep him in the wrong criminal history category, and I'm going to give him three times the sentence or twice that he might otherwise get. Can he appeal that? But it's a sentence that's provided by the plea agreement for that criminal history category. And that's a difficult question to ask me because I know that – I mean, I'd like to think that having true candor to the court, I would just say – And I'm assuming you do have true candor with the court. But the judge just – You say to the district judge, Judge, you're screwing up. This is wrong. And the judge says, I'm a United States district judge, and I don't care, and I'm going to do this. I'm visiting from someplace else. None of the Arizona judges would do that. Not visiting from Oregon. Yeah, not visiting from Oregon. So can he appeal that? But it's within the range provided in the agreement if the criminal history were as high as it were. I think that the – I think that the answer to that question doesn't – it doesn't lie in the plea. Doesn't your answer have to be no? No, I would agree with that. I don't think the answer to that lies in our plea agreement. I think the answer there lies in Ninth Circuit case law, which does provide for, look, in the event that the judge makes a catastrophic mistake like that, there is a certain level of fairness to appeal waivers that allows for that. If the judge here made a legal mistake that cost this defendant a number of months in prison, why isn't that the same kind of fairness? Why isn't a holding that something is a crime of – I'm not saying that we necessarily agree with that, but in theory, if something is labeled a crime of violence that isn't, and this enhancement as a matter of law should not apply, why isn't that the same kind of fairness as putting somebody in the wrong criminal history category? Well, I think that because if you have a plea agreement that allows for all of the different – the possibilities, and this plea agreement does, I think that that circumstance is a far cry from what Judge Hurwitz was suggesting, which is that the – So he's got to be really mistaken for that. Well, I think that there are degrees of mistakes that a court can make, and I think that if you have a view that's – Where in your plea agreement does it accept certain types of mistakes by the judge from the appellate waiver, but not others? It doesn't. I mean, it doesn't set out what you don't waive. It only sets out what you do waive, and it's pretty broad. And one thing I also wanted to – yes, sir. I'm having trouble with two apparently different and maybe inconsistent statements in this plea agreement, so stick with me for just a second. On page 2, line 9, it says, under sentencing guidelines, if the defendant has a prior felony conviction, and then lists the crimes, and go down and says, if the defendant has a prior felony conviction for, among other things, a crime of violence. All right. But then you go over to page 5, line 11, and it says, this agreement is conditioned – the whole agreement is conditioned – on the defendant having one of the above enumerated aggravated felony convictions. Now, an aggravated felony conviction can be a conviction for a crime other than a crime of violence, to wit, a drug trafficking. Right. Or a plus 8. Doesn't this make the contract, the plea agreement, somewhat ambiguous as to whether it applies at all? I think that that – what you call an ambiguity or maybe even an inconsistency, I think that's resolved under each of the specific levels. The level 24 offenses, it sets out exactly what offenses you're talking about, as does level 20, as does level 16. I think that if you didn't have that specific laying out of, you know, all the different subsections – So the ambiguity is cleared up by a specific reference to level 24 offenses? I would say that, yes. I would say that, yes. One thing I did want to point out for the record, Your Honors, is that Mr. Siegel referenced that our office is cleaning up our plea agreements. The case that he spends quite a bit of time referencing, Aguilar-Balbuena, it was an unpublished opinion that involved about one page of – actually, the opinion was one page. I think to suggest that our office is overhauling our plea agreements in response to that, it's not quite correct. We might be tweaking it, but what we've been talking about here today is not what we're going to be tweaking. Did the plea – was the plea in this case taken before or after Aguilar-Balbuena? It was before. I see they're both 2012. Yes, sir. The plea agreement was in April of 2012, and I believe Aguilar-Balbuena was argued on July of 2012, and the opinion was released in August. Thank you. Thank you, counsel. Thank you. We appreciate your argument. Mr. Siegel, you may have a minute for rebuttal. Thank you. Two things which I wanted to reach quickly. First, Mr. Castle made mention of the fact that if the judge made a catastrophic mistake, and I would submit to you that the Court did exactly that, and under Jacobo and Castillo, I think it is, the Court has – this Court has discretion to reach the merits of the appeal, to reach the substantive issues in precisely such a case. I would argue where justice dictates, and I'm paraphrasing, but I argue three reasons in my appeal why such a mistake was made, and I would urge the Court to reference those. The other thing that I wanted to say was that the Court was talking about, was asking questions about the fact that the crime, the crime of violence, it refers to a crime of violence and when that's determined. The plea transcript, when the change of plea transcript, change of plea was going on, the judge specifically said that the criminal history category will be determined by the probation department at the time, won't be determined until the time of sentencing. Didn't say the same thing about the offense enhancement. What's important about that is the fact that that suggests that, consistent with my argument, that the offense level and offense enhancement is already an objectively decided matter, because he doesn't explain that that's going to be decided later. And the plea says if it's a this, it's a that. If it's a this, if it's a that. And so any reasonable understanding of that plea by the defendant, particularly and this hooks into the reason why this Court should hear this on the merits, even if it finds that the appeal waiver is not valid, is that the judge came, really came out of left field in applying, you know, the residual clause to 2L1.2 and also in not requiring a dwelling requirement and in going against the finding of, you know, the 9th Circuit case, it slips me, but where Your Honor wrote the dissent and Your Honor wrote the griselle, it completely ignored that, which was well settled after 6 years. Counsel, you have exceeded your time and you're beyond the scope of rebuttal because you're talking about things that your opponent didn't. So we'll the case just argued is submitted. We appreciate the arguments of both counsel in this challenging case. They've been very helpful and we appreciate it.
judges: Graber, Bea, Hurwitz